The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENG THAO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MILLIMAN, INC.,<br><br>Defendant. | NO. 2:26-cv-01339-JLR<br><br>ANSWER TO CLASS ACTION COMPLAINT |

Defendant Milliman, Inc. answers Plaintiff Leng Thao's Class Action Complaint as follows:

**INTRODUCTION**

1. Answering paragraph 1, Milliman responds that paragraph 1 is not an allegation requiring a response. To the extent that paragraph 1 constitutes an allegation, Millman denies every allegation in the paragraph.

2. Answering paragraph 2, Milliman responds that paragraph 2 is not an allegation requiring a response. To the extent that paragraph 2 constitutes an allegation, Millman denies every allegation in the paragraph.

3. Answering paragraph 3, Milliman responds that paragraph 3 is not an allegation requiring a response. To the extent that paragraph 3 constitutes an allegation, Millman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

4. Answering paragraph 4, Milliman responds that paragraph 4 is not an allegation requiring a response. To the extent that paragraph 4 constitutes an allegation, Millman denies every allegation in the paragraph.

5. Answering paragraph 5, Milliman responds that paragraph 5 is not an allegation requiring a response. To the extent that paragraph 5 constitutes an allegation, Millman denies every allegation in the paragraph.

**THE PARTIES**

6. Answering paragraph 6, upon information and belief, Milliman admits that Plaintiff is a person who resides in Minnesota.

7. Answering paragraph 7, Milliman admits that it is a corporation with its headquarters in Seattle, Washington. Milliman further admits that it is a consumer reporting agency in some contexts. Milliman denies the remaining allegations in the paragraph.

**JURISDICTION AND VENUE**

8. Answering paragraph 8, Millman admits that based on the allegations in the complaint, the Court has subject matter jurisdiction pursuant to 28 U.S.C §§1681p, 1331, and 1332(d). Milliman denies every remaining allegation in the paragraph.

9. Answering paragraph 9, Millman admits that based on the allegations in the complaint, venue is proper. Milliman denies every remaining allegation in the paragraph.

**STATUTORY BACKGROUND**

10. Answering paragraph 10, Milliman responds that paragraph 10 is not an allegation requiring a response. To the extent that paragraph 10 constitutes an allegation, Millman denies every allegation in the paragraph.

11. Answering paragraph 11, Milliman responds that paragraph 11 is not an allegation requiring a response. To the extent that paragraph 11 constitutes an allegation, Millman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

12. Answering paragraph 12, Milliman responds that paragraph 12 is not an allegation requiring a response. To the extent that paragraph 12 constitutes an allegation, Millman denies every allegation in the paragraph.

13. Answering paragraph 13, Milliman responds that paragraph 13 is not an allegation requiring a response. To the extent that paragraph 13 constitutes an allegation, Millman denies every allegation in the paragraph.

14. Answering paragraph 14, Milliman responds that paragraph 14 is not an allegation requiring a response. To the extent that paragraph 14 constitutes an allegation, Millman denies every allegation in the paragraph.

15. Answering paragraph 15, Milliman responds that paragraph 15 is not an allegation requiring a response. To the extent that paragraph 15 constitutes an allegation, Millman denies every allegation in the paragraph.

16. Answering paragraph 16, Milliman responds that paragraph 16 is not an allegation requiring a response. To the extent that paragraph 16 constitutes an allegation, Millman denies every allegation in the paragraph.

17. Answering paragraph 17, Milliman responds that paragraph 17 is not an allegation requiring a response. To the extent that paragraph 17 constitutes an allegation, Millman denies every allegation in the paragraph.

18. Answering paragraph 18, Milliman responds that paragraph 18 is not an allegation requiring a response. To the extent that paragraph 18 constitutes an allegation, Millman denies every allegation in the paragraph.

**MILLIMAN'S PRACTICES**

19. Answering paragraph 19, Milliman admits that its IntelliScript division is a consumer reporting agency in some contexts. Milliman denies every remaining allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

20. Answering paragraph 20, Milliman admits that, with written authorization from a consumer, its IntelliScript division generates consumer reports containing medical and prescription information. Milliman also admits that it utilizes its Irix rules engine that can analyze consumer data as requested by clients. Milliman denies every remaining allegation in the paragraph.

21. Answering paragraph 21, Milliman admits that its Irix rules engine can consider criminal data that is provided to Milliman by a third party. Milliman admits that its website speaks for itself. Milliman denies every remaining allegation in the paragraph.

22. Answering paragraph 22, Milliman admits that its Irix rules engine can consider criminal data that is provided to Milliman by a third party and that Milliman can provide a client specific recommendation based on that information. Milliman denies every remaining allegation in the paragraph.

23. Answering paragraph 23, Milliman denies every allegation in the paragraph.

**PLAINTIFF'S EXPERIENCE**

24. Answering paragraph 24, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

25. Answering paragraph 25, Milliman admits that it generated an Irix report concerning Plaintiff and that it contained criminal data. Milliman denies every remaining allegation in the paragraph.

26. Answering paragraph 26, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

27. Answering paragraph 27, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

28. Answering paragraph 28, Milliman admits that it received an email from Plaintiff in April 2024 indicating a desire to initiate a dispute of "any felon" on "[his] background check."



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

29. Answering paragraph 29, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it provided Plaintiff with a copy of his consumer report. Milliman denies every remaining allegation in the paragraph.

30. Answering paragraph 30, Milliman admits that it received an email from Plaintiff. Milliman denies the remaining allegations in the paragraph.

31. Answering paragraph 31, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it provided Plaintiff with a copy of his consumer report. Milliman denies every remaining allegation in the paragraph.

32. Answering paragraph 32, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

33. Answering paragraph 33, Milliman admits that it received criminal data associated with Plaintiff from third party Explore Information Services, LLC. Milliman denies every remaining allegation in the paragraph.

34. Answering paragraph 34, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

35. Answering paragraph 35, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

36. Answering paragraph 36, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

37. Answering paragraph 37, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

38. Answering paragraph 38, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

39. Answering paragraph 39, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

40. Answering paragraph 40, Milliman is without sufficient information to admit or deny the allegations in the paragraph, and therefore, denies every allegation in the paragraph.

41. Answering paragraph 41, upon information and belief, Milliman admits that Plaintiff filed a lawsuit against Explore Information Services, LLC.

42. Answering paragraph 42, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it received a letter from counsel representing Plaintiff in February 2025. Milliman denies every remaining allegation in the paragraph.

43. Answering paragraph 43, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

44. Answering paragraph 44, Milliman admits that it responded to the subpoena. Milliman denies every remaining allegation in the paragraph.

45. Answering paragraph 45, Milliman admits that the information it produced in response to the subpoena was the same information that it received from Explore Information Services, LLC. Milliman denies every remaining allegation in the paragraph.

46. Answering paragraph 46, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

47. Answering paragraph 47, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

48. Answering paragraph 48, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

49. Answering paragraph 49, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

50. Answering paragraph 50, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

51. Answering paragraph 51, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

52. Answering paragraph 52, Milliman admits that it obtains criminal data from Explore Information Services, LLC. Milliman denies every remaining allegation in the paragraph.

53. Answering paragraph 53, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

54. Answering paragraph 54, Milliman responds that this paragraph provides opinions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it is aware of its obligations under the Fair Credit Reporting Act and complies with them.

55. Answering paragraph 55, Milliman responds that this paragraph makes legal conclusions and provides opinions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

56. Answering paragraph 56, Milliman responds that this paragraph makes legal conclusions and provides opinions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it is aware of its obligations under the Fair Credit Reporting Act and complies with them.

57. Answering paragraph 57, Milliman responds that this paragraph makes legal conclusions and provides opinions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman admits that it is aware of its obligations under the Fair Credit Reporting Act and complies with them.

**CLASS ALLEGATIONS**

58. Answering paragraph 58, Milliman responds that this paragraph does not make factual assertions that require an answer. To the extent a response is required, Milliman denies every allegation in the paragraph.

59. Answering paragraph 59, Milliman responds that this paragraph does not make factual assertions that require an answer. To the extent a response is required, Milliman denies every allegation in the paragraph.

60. Answering paragraph 60, Milliman responds that this paragraph does not make factual assertions that require an answer. To the extent a response is required, Milliman denies every allegation in the paragraph.

61. Answering paragraph 61, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

62. Answering paragraph 62, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

63. Answering paragraph 63, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

64. Answering paragraph 64 and its subparagraphs, Milliman responds that these paragraphs make legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraphs.

65. Answering paragraph 65, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures**
***On behalf of Plaintiff Individually***

66. Answering paragraph 66, Milliman incorporates its responses to the paragraphs above.

67. Answering paragraph 67, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

68. Answering paragraph 68, Milliman responds that this paragraph states opinions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

69. Answering paragraph 69, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

70. Answering paragraph 70 and its subparagraphs, Milliman responds that the paragraphs make legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraphs.

71. Answering paragraph 71, Milliman denies every allegation in the paragraph.

72. Answering paragraph 72, Milliman denies every allegation in the paragraph.

**COUNT II**
**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Perform a Reasonable Investigation of Dispute**
***On behalf of Plaintiff Individually and the Disputes Class***

73. Answering paragraph 73, Milliman incorporates its responses to the paragraphs above.

74. Answering paragraph 74, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

75. Answering paragraph 75, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

76. Answering paragraph 76, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

77. Answering paragraph 77, Milliman denies every allegation in the paragraph.

78. Answering paragraph 78 and its subparagraphs, Milliman responds that the paragraphs make legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraphs.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

79. Answering paragraph 79, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

80. Answering paragraph 80, Milliman denies every allegation in the paragraph.

**COUNT III**
**15 U.S.C. § 1681g(a)**
**Failure to Provide Consumer File**
***On behalf of Plaintiff and the File Request Class***

81. Answering paragraph 81, Milliman incorporates its responses to the paragraphs above.

82. Answering paragraph 82, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

83. Answering paragraph 83, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

84. Answering paragraph 84 and its subparagraphs, Milliman responds that the paragraphs make legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraphs.

85. Answering paragraph 85, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

86. Answering paragraph 86, Milliman responds that this paragraph makes legal conclusions, rather than factual allegations, for which no response is required. To the extent a response is required, Milliman denies every allegation in the paragraph.

87. Answering paragraph 87, Milliman denies every allegation in the paragraph.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

**RESPONSE TO PRAYER FOR RELIEF**

Milliman denies that Plaintiff or the class are entitled to any actual, statutory, or punitive damages; attorneys' fees and costs; or other relief against Milliman as set forth in Plaintiff's prayer for relief.

**TRIAL BY JURY**

Milliman admits Plaintiff and the Classes demanded a trial by jury.

**AFFIRMATIVE DEFENSES**

As separate, alternative, and affirmative defenses to the Complaint, Milliman alleges:

1. Plaintiff lacks standing both individually and as a class representative for any putative class as alleged being sought in this action.

2. Plaintiff and the class lack standing to bring a claim under the Fair Credit Reporting Act.

3. Plaintiff's claims are barred in whole or in part because he did not suffer any damages and thus also has suffered no injury-in-fact necessary to bring the claims asserted in the Complaint.

4. Plaintiff's claims are barred because he fails to state a claim upon which relief can be granted.

5. Plaintiff's claims are barred because Milliman has reasonable procedures in place to assure maximum possible accuracy of the information contained in its reports.

6. Plaintiff's claims are barred because Milliman has reasonable procedures in place to conduct reinvestigations of consumer disputes.

7. Plaintiff's claims are barred in whole or in part by his failure to mitigate any alleged damages, if any.

8. Plaintiff's damages, if any, must be reduced and limited by the comparative fault of other such persons or entities that caused or contributed to Plaintiff's alleged damages.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, Washington 98101-2380
(206) 628-6600

9. Milliman denies Plaintiff's claims, to the extent they are based on allegations of willful violations of FCRA, because any such alleged violation(s) are/were not willful because Milliman's interpretation of the FCRA is not objectively unreasonable. (*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007))

10. Milliman affirmatively raises and reserves all applicable equitable defenses, including, but not limited to, unclean hands and laches.

11. Milliman has insufficient information or knowledge upon which to form a belief as to whether it may have additional affirmative defenses available and reserves the right to assert any such affirmative defenses that discovery indicates are proper.

**PRAYER FOR RELIEF**

Having answered Plaintiff's Complaint, Milliman prays for the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff takes nothing thereby;

B. That Milliman be awarded its costs and attorneys' fees as allowed by law in defending this action; and

C. For such other and further relief as the Court deems just and proper.

DATED this 27th day of April, 2026.

s/Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: jwells@williamskastner.com

Attorneys for Milliman, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: jwells@williamskastner.com

Attorneys for Milliman, Inc.